## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | | |
|---|---|---|
| Windsor W. Kessler, III, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **1:15cv735 (GBL/JFA)** |
| | ) | |
| Mr. Vaughn, et al., | ) | |
|     Defendants. | ) | |

## MEMORANDUM OPINION

THIS MATTER comes before the Court upon review of defendant's Motion to Dismiss and Motion for Partial Summary Judgment.   Windsor W. Kessler, III, a federal inmate proceeding pro se, filed a civil rights action, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq. ("FTCA"), alleging that the only remaining defendant in this case, the United States of America, is liable for negligently providing inadequate medical care to plaintiff while he was incarcerated at FCI-Petersburg.   The issue before the Court is whether there is subject matter jurisdiction over the remaining FTCA claims or whether they were timely filed.   The Court concludes that it does not have jurisdiction to hear most of the claims and that remaining claims were not timely filed. Thus, the complaint must be dismissed.

### I. Procedural and Factual Background

The procedural history of this matter is somewhat complicated.   Plaintiff initially filed a complaint in this matter on May 18, 2015.[1]   Dkt. No. 1.   The original complaint asserts claims against defendants Vaughn and Reeves regarding the falsification of information on two incident

---

[1] For federal purposes, a pleading filed by an incarcerated person is deemed filed when the prisoner delivers it to prison officials for mailing.   Houston v. Lack, 487 U.S. 266 (1988). Plaintiff does not specify the date that he delivered the original complaint to prison officials, but the complaint was executed on May 18, 2015.   In the absence of evidence to the contrary, it is presumed that the complaint was delivered for mailing that same day.

reports. Id. Plaintiff's claims were liberally construed as seeking relief pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Dkt. No. 6.

Before this Court's initial review of the original complaint, plaintiff submitted a motion to amend his complaint. Dkt. No. 4. Plaintiff sought to add claims related to grievances he filed regarding administrative and medical issues. Id. By Orders dated September 15, 2015, and September 30, 2015, plaintiff's motion was denied without prejudice for him to submit a renewed motion with a proposed amended complaint. Dkt. Nos. 6, 9. Plaintiff filed three more motions to amend his complaint without a proposed amended complaint on September 10, 2015, September 21, 2015, and October 2, 2015, again seeking to add claims regarding administrative and medical issues. Dkt. Nos. 8, 10, 17. On November 17, 2015, plaintiff filed a fifth motion to amend his complaint, this time with an attached proposed amended complaint. Dkt. Nos. 23-25. The proposed amended complaint asserted claims pursuant to Bivens and the FTCA, named several individual defendants, and included the allegations presented in the original complaint as well as claims related to medical care. Dkt. No. 24. By Order dated February 5, 2016, plaintiff's motions to amend were denied without prejudice and plaintiff was directed to file a particularized and amended complaint that would serve as the sole complaint in the matter. Dkt. No. 29.

In the meantime, plaintiff filed a notice of appeal on September 21, 2015. Dkt. No. 12. By Order dated December 8, 2015, plaintiff's appeal was dismissed by the United States Court of Appeals for the Fourth Circuit for failure to prosecute. Dkt. No. 26.

On March 3, 2016, plaintiff filed an amended complaint, which is now the sole operative complaint in this matter. Dkt. No. 31. This complaint named over twenty individuals as defendants and asserted five claims, which are essentially the same claims asserted in the proposed amended complaint filed on November 17, 2015. Id. Plaintiff asserted the following allegations which, for purposes of the motion to dismiss, will be taken as true.

On November 14, 2012, plaintiff broke his tibia and fibula while exercising in the recreation yard at a prison facility in New York.  Id. at ¶ 1.  On March 20, 2013, plaintiff arrived at FCI Petersburg Medium in Virginia and was given a restriction of "no ladders/no climbing" and "bottom bunk;" however, plaintiff was assigned a middle bunk which required him to climb and use a ladder.  Id. at ¶ 23-25.  Plaintiff was also assigned to work as a compound orderly, a job which required a lot of walking.  Id. at ¶ 26.

In March 2013, plaintiff was denied an ankle brace for his injured foot and was told to begin walking without his crutches.  Id. at ¶ 27.  This caused plaintiff to reinjure his foot.  Id. at ¶¶ 28-29.  Plaintiff was given an ankle brace and pain medication; however, the brace did not provide sufficient support and plaintiff injured his foot again in September 2013.  Id. at ¶¶ 30-32. On January 10, 2014, he underwent surgery to remove the screws and plates from his first foot surgery.  Id. at ¶ 34.  On February 5, 2014, plaintiff was placed in the Special Housing Unit ("SHU") for "allegedly fighting with another person."  Id. at ¶ 38.  While in the SHU, plaintiff developed MRSA, which was treated with an antibiotic which "was not supposed to be taken with the medication he was already taking."  Id. at ¶ 40, 42.

Plaintiff had a disciplinary hearing regarding the alleged fight and was found guilty, even though his due process rights were violated because, instead of reviewing the incident report within five days as policy requires, defendants delayed plaintiff's hearing until March 2014.  Id. at ¶¶ 38-39, 45.

On April 16, 2014, plaintiff was questioned about sending money to two other inmates. Id. at ¶ 47.  Plaintiff was issued incident reports related to this behavior on April 17, 2014, and May 1, 2014.  Id. at ¶¶ 48, 50.  Both of these reports contained false information regarding the day Vaughn and Reeves became aware of plaintiff's conduct.  Id. at ¶¶ 49, 50.  In June 2014, plaintiff was found guilty, despite the due process violations, and was sent to the SHU.  Id. at ¶ 52. Plaintiff was not provided access to a mental health professional after May 2015.  Id. at ¶ 54.

In October 2014, plaintiff experienced stomach and shoulder pain in the SHU, but was never examined. Id. at ¶ 53. In May 2015, the pain worsened, but the medical department determined that plaintiff did not require treatment. Id. at ¶ 56. In September 2015, upon review of his medical records, plaintiff realized that his Bilirubin levels had been increasing since September 2014. Id. at ¶ 57. Plaintiff discovered that this was a "by-product of the liver or gallbladder in metabolizing red blood cells." Id. at ¶ 58.

By Memorandum Opinion and Order dated July 18, 2016, and July 22, 2016, respectively, this Court dismissed all of plaintiff's claims except for the FTCA claim raised in Count Four of plaintiff's complaint. Dkt. Nos. 39, 40. In Count Four, plaintiff alleged that employees of the Federal Bureau of Prisons ("BOP") were negligent with regards to (1) "malicious prosecution with an intent to cause [p]laintiff ill will, injury, and emotional distress," and (2) "their actions [which] rise to the level of malpractice." Dkt. No. 31. The only remaining defendant, the United States of America, was directed to file a responsive pleading addressing the claims in Count Four "within sixty (60) days of the date of service." Dkt. No. 40.

With regards to his FTCA claims, plaintiff filed the following administrative claims with the Federal Bureau of Prisons (BOP):

1. Administrative Tort Claim Number TRT-MXR-2013-04842 which consists of six Standard Form 95s submitted by plaintiff. Def. Mot. to Dismiss at Ex. Q. One SF 95 was dated April 29, 2013 and the other five were dated June 14, 2013. Id. Plaintiff's claims are based on allegations related to his treatment after his foot surgery in March 2013, the refusal of an ankle brace and the re-injury of his foot in May 2013, his assignment to a middle bunk despite his medical restrictions, the re-injury to his foot due to the physical demands of his job, and a request for lost wages because his injury did not allow him to work. Id. Plaintiff sought a total of $10,025,000 in personal injury damages. Id. at Ex. R. This claim was denied by the BOP by letter dated

August 19, 2013.  Id.  Plaintiff was informed that, if he was dissatisfied with the decision, he had six months to file suit in a United States District Court.  Id.

2. Administrative Tort Claim Number TRT-MXR-2015-06584 and Administrative Tort Claim Number TRT-MXR-2015-06586 which consist of two SF 95s which contain identical claims against defendants Vaughn and Reeves regarding the alleged falsification of information on incident reports filed in April 2014.  Id. at Ex. S.  The SF 95s were dated October 7, 2015, but were received by the BOP on September 16, 2015.  Id.  Plaintiff sought a total of $22,000 in property damages for "attorney/court" and $77,999.98 in personal injury damages.  Id.  These claims were denied by the BOP by two separate letters dated November 2, 2015.  Id. at Ex. T.

3. Administrative Tort Claim Number TRT-MXR-2016-00716 which consists of a SF 95 submitted by plaintiff on October 26, 2015.  Id. at Ex. U.  Plaintiff's claim is based on the alleged medical negligence regarding plaintiff's bilirubin levels.  Id.  Plaintiff sought $4,000,000 in personal injury damages.  Id.  Plaintiff's claim was denied by the BOP by letter dated December 7, 2015.  Id. at Ex. V.

Defendant filed a Motion to Dismiss and Motion for Partial Summary Judgment along with a supporting memorandum and exhibits on September 26, 2016, and which was corrected on September 28, 2016. Dkt. Nos. 59, 60, 62, 63.  After receiving extensions of time to file his response, plaintiff filed a Motion to Quash Summary Judgment and Continuance.  Dkt. No. 71.  After receiving an extension of time to file a reply, defendant filed a reply on November 1, 2016.  Dkt. No. 76.   This matter is now ripe for adjudication.

## II. Standard of Review

### A. Motion to Dismiss

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a complaint or its claims may be dismissed for lack of subject-matter jurisdiction.

> If the defendant challenges the factual predicate of subject matter jurisdiction, a trial court may then go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations, without converting the motion to a summary judgment proceeding. In that situation, the presumption of truthfulness normally accorded a complaint's allegations does not apply, and the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction.

Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009) (internal quotation marks, citation, and alterations omitted). As the party asserting jurisdiction, it is plaintiff's burden to prove that federal jurisdiction over his claim is proper. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

### B. Administrative Exhaustion of FTCA Claims

Generally, the United States and its agencies enjoy sovereign immunity from suit unless Congress has explicitly abrogated such immunity. United States v. Sherwood, 312 U.S. 584, 586 (1941). The FTCA provides a limited waiver of that immunity insofar as it allows the United States to be held liable "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government ... under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(2); see Suter v. United States, 441 F.3d 306, 310 (4th Cir. 2006), cert. denied, 127 S.Ct. 272 (2006). Before an individual may bring an FTCA claim in federal court, that claim must have been presented to the appropriate agency and finally denied in writing by that agency. 28 U.S.C. § 2675(a).[2] "It is well-settled that the requirement of filing an administrative claim is

---

[2] 28 U.S.C. § 2675(a) provides in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have

jurisdictional and may not be waived." Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986) (citation omitted).

### III. Analysis

#### A. Tort Allegations with no Administrative Claim

Most of plaintiff's allegations must be dismissed for lack of administrative exhaustion because plaintiff never filed any administrative claims regarding these alleges torts. Before an individual may bring an FTCA claim in federal court, that claim must have been presented to the appropriate agency and finally denied in writing by that agency. 28 U.S.C. § 2675(a). Every claim asserted in the complaint except for claims related to (1) plaintiff's foot injury, (2) the allegedly false information provided on the April 17, 2014, and May 1, 2014, incident reports, and (3) plaintiff's bilirubin levels was not presented to the BOP prior to filing the instant action. Accordingly, these claims will be dismissed for lack of subject matter jurisdiction.

#### B. Administrative Tort Claim Number TRT-MXR-2013-04842

Plaintiff's claims related to his foot injury must be dismissed as not timely filed. A condition of the limited waiver of the sovereign immunity of the United States for the torts of government employees is compliance with the FTCA's statute of limitations. Muth v. United States, 1 F.3d 246, 249 (4th Cir. 1993). According to the express terms of the FTCA

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

---

been finally denied by the agency in writing and sent by certified or registered mail.

Exhaustion requires a prisoner to mail or deliver an administrative tort claim to the appropriate BOP regional office within two (2) years of the underlying incident. 28 C.F.R. § 543.31(c); 28 U.S.C. § 2401. The Regional Counsel then will either deny the claim or propose a settlement. 28 C.F.R. § 542.32(d). Denial of a claim by the Regional Counsel is considered a final agency action for exhaustion purposes. 28 C.F.R. § 543.32(g).

28 U.S.C. § 2401(b).

    With regard to his foot injuries, plaintiff submitted his administrative claims within two years of the date of the relevant incidents; however, he did not file suit within six months of his administrative claims being denied.   Specifically, plaintiff's administrative claims were denied on August 19, 2013, giving him until February 19, 2014 to file suit.   The instant action was filed on May 18, 2015, almost exactly fifteen (15) months after plaintiff's deadline to file suit passed.

    Plaintiff argues that these claims should not be dismissed as untimely because he is entitled to equitable tolling.   Specifically, plaintiff argues that his attempts to file grievances related to his foot injury were thwarted by BOP employees.   Pl. Mot. to Quash at ¶¶ 1-8.   Plaintiff also argues that he was placed in the SHU from February 5, 2014, right before his deadline to file suit, until March 14, 2014.   Id. at ¶¶ 8, 10.   Plaintiff filed a complaint in this court on March 19, 2014, Case No. 1:14-cv-412 (GBL/JFA); however, plaintiff only asserted claims pursuant to Bivens and the matter was dismissed by Order dated May 14, 2015, for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a).   Case No. 1:14-cv-412 (GBL/JFA), Dkt. No. 13.   Finally, plaintiff states that he was placed on "filing restriction" on June 11, 2015.   Pl. Mot. to Quash at ¶ 14.

    The Supreme Court recently held that "courts may toll both of the FTCA's limitations periods."   United States v. Kwai Fun Wong, ___ U.S. ___, ___, 135 S. Ct. 1625, 1629 (2015).   Yet "[e]quitable tolling is not appropriate where … 'the claimant failed to exercise due diligence in preserving his legal rights.'"   Kokotis v. U.S. Postal Serv., 223 F.3d 275, 280 (4th Cir. 2000) (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)).

    In his arguments, plaintiff appears to conflate the requirement to exhaust administrative remedies for his Bivens claims and the requirement to present administrative claims to BOP to exhaust his FTCA claims.   At the same time, plaintiff properly presented administrative claims to BOP as early as April 2014, indicating he understood that tort claims have to be presented to the

appropriate federal agency.   Plaintiff was informed in the August 19, 2013 letter from BOP

denying his tort claims that he had six months to file suit.   While plaintiff was placed in the SHU

on February 4, 2014, it was due to plaintiff's involvement in a fight, not due to defendant's intent

to prevent plaintiff from filing a suit.   Plaintiff also does not allege that he was not allowed to file

suit while in the SHU.   While plaintiff did file a complaint in March 2014, it was construed as

only bringing claims pursuant to Bivens as it would not have been reasonable to infer from the

operative complaint that plaintiff intended to pursue claims under the FTCA.   Finally, plaintiff

did not file suit again until May 18, 2015, almost one year after Case No. 1:14-cv-412 (GBL/JFA)

was dismissed.   Therefore, plaintiff has not shown that he diligently pursued his rights under the

FTCA and he is not entitled to equitable tolling.   The claims related to his foot injury must be

dismissed as not timely filed.

### C. Administrative Tort Claim Numbers TRT-MXR-2015-06584, TRT-MXR-2015-06586, and TRT-MXR-2016-00716

Plaintiff's claims regarding the allegedly false information provided on two incident

reports and his levels of bilirubin must be dismissed for failure to file an administrative remedy

prior to commencing the instant suit.   Plaintiff was required to present his administrative claims to

the BOP prior to filing suit.   See McNeil v. United States, 508 U.S. 106, 113 (1993).   In so

holding, the Supreme Court stated as follows.

> In its statutory context, we think the normal interpretation of the word "institute" is synonymous with the words "begin" and "commence."   The most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process.   Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims.   The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command.

Id. at 112.

In order to determine if the Court has subject matter jurisdiction over the claims related to the incident reports and his bilirubin levels, the Court must decide when plaintiff's action was "instituted" within the meaning of § 2675.   Plaintiff asserts that his FTCA claim was instituted on March 8, 2016, when he filed the operative complaint.   Defendant argues that this action was instituted when plaintiff filed his original complaint.   Defendant relies, in part, on the unpublished opinion of the United States Court of Appeals for the Third Circuit in Hoffenberg v. Provost, 154 F. App'x 307, 310 (3d Cir. 2005), where the Third Circuit held that "the date of the amended complaint cannot serve as the date the federal suit was 'instituted.'"   154 F. App'x at 310 (citing McNeil, 508 U.S. at 111-12).   Hoffenberg is distinguishable, however, in that the plaintiff initially filed suit under the FTCA, whereas here, plaintiff's initial complaint only alleged claims under Bivens.

In Malouf v. Turner, 814 F. Supp. 2d 454, 456 (D.N.J. 2011), the United States District Court for the District of New Jersey faced a situation similar to the one presented in the instant matter where the original complaint only raised Bivens claims and was filed prior to plaintiff exhausting his FTCA claims, and then plaintiff amended the complaint to include FTCA claims after the administrative agency denied the claims.   814 F. Supp. 2d at 457-58.   The court held that it only had subject matter jurisdiction to hear FTCA claims (1) that were exhausted prior to the complaint being amended, and (2) the basis of which had not been alleged in the original complaint.   Id. at 461-62.

The Court will adopt this test, and applying it to the instant matter, plaintiff's claims will be dismissed.   Plaintiff first alleged the basis of his FTCA claims related to the allegedly false information provided on two incident reports in the original complaint filed.   Therefore, the basis of plaintiff's FTCA claim related to the incident reports was alleged in an action that was instituted prior to the BOP's November 2, 2015 denial of plaintiff's claims and this Court does not have subject matter jurisdiction over these claims.

As to the FTCA claim regarding plaintiff's bilirubin levels, these allegations were first raised in plaintiff's Motion to Amend Pursuant to 42 U.S.C. § 1331 filed on October 2, 2015. Although not raised in the original complaint, plaintiff first raised the allegations which formed the basis of his FTCA claim related to his bilirubin levels in a proposed amended complaint which was filed prior to BOP's December 7, 2015 denial of plaintiff's claims. By doing so, plaintiff filed a premature FTCA claim and "impose[d] some burden on the judicial system and on the Department of Justice which must assume the defense of such actions." McNeil, 508 U.S. at 113. Accordingly, this Court does not have subject matter jurisdiction over this claim.

## IV. Pending Motions

### A. Plaintiff's Motion for Default Judgment

Plaintiff moved for entry of default judgment against defendant for failure to respond to the Court's July 22, 2016 Order within 60 days. Dkt. No. 65. By Order dated July 22, 2016, defendant was directed to file a responsive pleading to plaintiff's FTCA claim within sixty (60) days of service. Dkt. No. 40. Defendant was served on July 27, 2016. Dkt. No. 41. Defendant filed a responsive pleading on September 26, 2016. Accordingly, defendant complied with the July 22, 2016 Order and default judgment is not proper. Therefore, plaintiff's motion for default judgment will be denied.

### B. Plaintiff's Motion to Quash Summary Judgment and For Continuance

Plaintiff moved for denial of defendant's Motion to Dismiss and Motion for Summary Judgment. Dkt. No. 71. For the reasons stated above, plaintiff's remaining claims will be dismissed and his Motion to Quash will be denied.

### C. Plaintiff's Motion to Strike and/or Disallow Defendant's Answer to the Motion to Quash

Plaintiff sought to have defendant's response to plaintiff's Motion to Quash either stricken from the docket or disallowed. Dkt. No. 78. As defendant was allowed to file both a response to

plaintiff's Motion to Quash and a reply to any response plaintiff filed to defendant's Motion to Dismiss, plaintiff's motion will be denied.

### D. Plaintiff's Motion to Allot Funds and/or Appoint Counsel to Get an Expert

Plaintiff seeks to have the Court either approve funds or appoint counsel to hire an expert so that he may obtain information related to a wire mesh hernia implant that plaintiff believes is causing him abdominal pain.   Dkt. No. 80.   Because plaintiff's remaining claims are being dismissed and are unrelated to any wire mesh hernia implant, plaintiff's motion will be denied.

### E. Plaintiff's Motion for Leave to File a Surreply to Defendant's Motion in Opposition to Plaintiff's Motion to Quash Summary Judgment

Plaintiff's seeks leave to file a responsive pleading to defendant's response/reply to plaintiff's Motion to Quash.   Plaintiff's motion will be granted and his Surreply to Defendant's Opposition to the Plaintiff's Motion to Quash, which was considered in ruling on defendant's Motion to Dismiss, will be deemed filed as of the day of this Memorandum Opinion.

### F. Plaintiff's Motion to Supplement and/or Amend the Complaint

Plaintiff seeks to add new claims to this action; however, plaintiff did not attach a proposed amended complaint as required.   See Williams v. Wilkerson, 90 F.R.D. 168, 169-70 (E.D. Va. 1981) (holding that when a plaintiff seeks leave to amend his complaint, "a copy of the proposed amended pleading, and not simply the proposed amendment, must be attached to the motion"). Accordingly, plaintiff's motion will be denied.

### V. Conclusion

For the reasons stated above, all of plaintiff's FTCA claims, except for his claims related to his foot injury, will be dismissed for lack of subject matter jurisdiction.   Plaintiff's FTCA claims related to his foot injury will be dismissed as untimely filed.   In addition, plaintiff's pending motions will be denied, except for plaintiff's Motion for Leave to File a Surreply, which will be

granted.   Accordingly, this matter will be dismissed by an Order to be issued with this

Memorandum Opinion.

Entered this ____ day of _____ 2016.

Alexandria, Virginia

_____/s/_____

Gerald Bruce Lee
United States District Judge

13